IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN WILLIAMS, ALAN DAVIS, ) | |
| TIMOTHY REICHLING, ) | |
| JOSHUA JURCICH, ) | |
| CHRISTOPHER VAN BITTER, ) | |
| DAMIAN PHIPPS, JEREMY MOSBY, ) | |
| DEMETRIUS GOLLIDAY, ) | |
| DAVID HAMILTON, III, ) | |
| CHRISTOPHER ALEXANDER, ) | |
| BRENT FAUCETT, ) | |
| KEITH MUCKENSTURM, ) | |
| DEONTRE SAMUELS, ) | |
| DARRYL BROWN, MICHAEL E. BAUM, ) | |
| MONTRELL COOPER, JOSEPH BAUM, ) | |
| ERIC TUCKER, CARLOS LUNA, ) | |
| BRANDON SERES, ) | |
| TREVONTE NICHOLSON, ) | |
| JOHNNIE BULLOCK, ) | |
| ROBERT E. BALDWIN, JR., ZACH HILL, ) | |
| JACOB ESPARZA, RONNELL HUNTER, ) | |
| DELCHEVA HARRIS, RANDY MCCRAY, ) | |
| and ANTONIO COZART, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 13-cv-1340-MJR |
| ) | |
| RICHARD WATSON ) | |
| and ST. CLAIR COUNTY JAIL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

       This matter is before the Court for case management. Plaintiffs[1] are detainees at

---

[1] A total of 29 Plaintiffs are named in the caption of the complaint (Doc. 1, p. 1). However, only 27 names are listed in the body of the complaint (Doc. 1, p. 2); Delcheva Harris and Damion Phipps were omitted. Further, only 23 of the Plaintiffs' names are included on the signature page of the complaint (Doc. 1, p. 5); those omitted are Damion Phipps, Brent Faucett, Deontre Samuels, Montrell Cooper, Ronnell Hunter, and Randy McCray.

the St. Clair County Jail ("the Jail"). They filed the instant *pro se* civil rights action claiming that the Jail's strip-search practices violated their constitutional rights and failed to comply with the requirements of 725 Illinois Compiled Statutes 5/103-1(d), (e), and (h).

Kevin Williams describes himself as the "head plaintiff" (Doc. 1, p. 6). He is the only individual who has submitted a motion for leave to proceed *in forma pauperis* ("IFP") in this action (Doc. 3). He also submitted a motion for appointment of counsel (Doc. 2) in which he states that this matter "is a class action lawsuit." The Court shall further address the filing fee and counsel motions below. First, however, it is necessary to deal with some preliminary matters related to the joint filing of this case by multiple Plaintiffs.

**Class Action Status**

Even if Plaintiff Williams had submitted a motion for class action certification, such a motion would not be granted at this stage of the litigation. At this time, the complaint has not undergone preliminary merits review by the Court pursuant to 28 U.S.C. § 1915A. Because the claims herein may be subject to dismissal under § 1915A, it is premature for the Court to consider a class certification request.

Moreover, a prisoner bringing a *pro se* action cannot represent a class of plaintiffs. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding it would be plain error to permit imprisoned *pro se* litigant to represent his fellow inmates in a class action). The Federal Rules permit class actions to be maintained only if the class representative (in this case the *pro se* Mr. Williams) "will fairly and adequately protect the interests of the class," FED. R. CIV. P. 23(a)(4), and "[e]very court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action." *Lee v. Gardinez*, No. 11-cv-570-GPM, 2012 WL 143612, at *1 n.1 (S.D. Ill., Jan. 18, 2012)

(quoting *Craig v. Cohn*, 80 F. Supp. 2d 944, 946 (N.D. Ind. 2000) (internal citations and quotation marks omitted)).

**<u>Group Litigation by Multiple Prisoners</u>**

Although class action status cannot be granted at this time, Plaintiffs may bring their claims jointly in a single lawsuit if they so desire. However, the Court must admonish them as to the consequences of proceeding in this manner including their filing fee obligations, and give them the opportunity to withdraw from the case or sever their claims into individual actions.

In *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), the court addressed the difficulties in administering group prisoner complaints. District courts are required to accept joint complaints filed by multiple prisoners *if* the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." Nonetheless, a district court may turn to other civil rules to manage a multi-plaintiff case. If appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be issued providing for a logical sequence of decision pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21, and separate trials may be ordered pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854.

In reconciling the Prisoner Litigation Reform Act with Rule 20, the Seventh Circuit determined that joint litigation does not relieve any prisoner of the duties imposed upon him under the Act, including the duty to pay the full amount of the filing fees, either in installments or in full if the circumstances require it. *Id.* In other words, each prisoner in a joint action is required to pay a full civil filing fee, just as if he had filed the suit individually.

The Circuit noted that there are at least two other reasons a prisoner may wish to avoid group litigation. First, group litigation creates countervailing costs. Each submission to the Court must be served on every other plaintiff and the opposing parties pursuant to Federal Rule of Civil Procedure 5. This means that if there are five plaintiffs, the plaintiffs' postage and copying costs of filing motions, briefs or other papers in the case will be five times greater than if there were a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Federal Rule of Civil Procedure 11." *Boriboune*, 391 F.3d at 854-55. According to the Circuit, a prisoner litigating jointly assumes those risks for all of the claims in the group complaint, whether or not they concern him personally. Furthermore, if the Court finds that the complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases. If that severance of claims occurs, each Plaintiff will be liable for another full filing fee for each new case. Plaintiffs may wish to take into account this ruling in determining whether to assume the risks of group litigation in the federal courts of the Seventh Circuit.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, the Circuit suggested in *Boriboune* that district courts alert prisoners to the individual payment requirement, as well as the other risks prisoner pro se litigants face in joint pro se litigation, and "give them an opportunity to drop out." *Id.* at 856. Therefore, in keeping with this suggestion, the Court offers all Plaintiffs other than lead Plaintiff Kevin Williams an opportunity to withdraw from this litigation before the case progresses further. Each Plaintiff may wish to take into consideration the following points in making his decision:

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- He will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he will be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group complaint, he will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under §§ 1915(b) or (g).[2]

In addition, if Plaintiffs desire to continue this litigation as a group, any proposed amended complaint or other document filed on behalf of multiple Plaintiffs must be signed by each of the Plaintiffs. As long as the Plaintiffs appear without counsel in this action, each Plaintiff must sign documents for himself. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11.[3] A non-attorney cannot file or sign papers for another litigant. Plaintiffs are **WARNED** that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

In the interest of fairness, each Plaintiff whose name appears anywhere in the

---

[2] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

[3] Rule 11 states, in pertinent part: "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a).

complaint has been included as a party at this stage of the litigation, and shall receive a copy of this case management order.  However, as noted above, six of the Plaintiffs failed to sign the complaint.  Therefore, the Court anticipates that after any Plaintiffs who wish to withdraw from the litigation are given the opportunity to do so, the remaining Plaintiffs may be ordered to submit an amended complaint bearing all of their signatures.

**Pending Motions by Plaintiff Kevin Williams**

Plaintiff Williams' motion for recruitment of counsel (Doc. 2) shall be held in abeyance and shall be addressed after the Court completes its merits review of the complaint pursuant to 28 U.S.C. § 1915A.

Before the Court can rule on Plaintiff Williams' motion for leave to proceed IFP (Doc. 3), he must submit the required inmate trust fund account statement.  Pursuant to 28 U.S.C. § 1915(b)(1), the Court must review the prisoner trust fund account statement for the 6 month period immediately preceding the filing of this action.  **IT IS THEREFORE ORDERED** that Plaintiff Williams shall provide the Clerk of Court with the attached certification completed by the Trust Fund Officer at the facility and a copy of his trust fund account statement (or institutional equivalent) for the period from June 27, 2013, to December 27, 2013, no later than February 18, 2014.  Failure to do so may result in dismissal of this action for failure to comply with an Order of this Court. Fed. R. Civ. P. 41(b).  *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

The Clerk is **DIRECTED** to mail a copy of this Order and the certification form to the Trust Fund Officer at the St. Clair County Jail.

**Disposition**

**IT IS HEREBY ORDERED** that each named Plaintiff (other than lead Plaintiff Kevin Williams) shall have 21 days from the date of entry of this order (on or before January 23, 2014) in which to advise the Court whether he wishes to continue as a Plaintiff in this group action.  If, by that deadline, any non-lead Plaintiff advises the Court that he does *not* wish to participate in the action, he will be dismissed from the lawsuit and will not be charged a filing fee for this action.[4]  Alternatively, if any Plaintiff wants to pursue his claims individually in a separate lawsuit, he shall so advise the Court, and his claims shall be severed into a new action where a filing fee will be assessed.

**IT IS FURTHER ORDERED** that each Plaintiff who chooses to continue as a Plaintiff either in this action or in a severed individual case, must submit a motion for leave to proceed *in forma pauperis* within the 21-day deadline above.

**IT IS FURTHER ORDERED** that any Plaintiff who does not respond to this order within 21 days will be considered a Plaintiff in this action.  At that time, the Court will proceed as described above, and each Plaintiff still a party to this action shall be held accountable for all consequences explained above.

The Clerk is **DIRECTED** to send a copy of this order to each of the named Plaintiffs, and to enclose a blank form motion for leave to proceed IFP and trust fund account certification form with each order.

Plaintiffs are **ADVISED** that the complaint is currently awaiting preliminary review by the Court pursuant to 28 U.S.C. § 1915A, and it has not yet been served on the Defendants.  When this review is completed, a copy of the Court's order will be forwarded to

---

[4] As the lead Plaintiff, Kevin Williams may choose to voluntarily dismiss or sever his claims, but may not escape his obligation to pay the filing fee for this action, which was incurred when the action was filed. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998); *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997).

each Plaintiff who remains in the action.

Plaintiffs are further **ADVISED** that each of them is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate a Plaintiff's whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 2, 2014**

s/ MICHAEL J. REAGAN
United States District Judge