IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN WILLIAMS, | ) |
| ALAN DAVIS, | ) |
| JOSHUA JURCICH, | ) |
| CHRISTOPHER VAN BITTER, | ) |
| JEREMY MOSBY, | ) |
| DEMETRIUS GOLLIDAY, | ) |
| BRENT FAUCETT, | ) |
| DEONTRE SAMUELS, | ) |
| MICHAEL E. BAUM, | ) |
| MONTRELL COOPER, | ) |
| JOSEPH BAUM, | ) |
| ERIC TUCKER, | ) |
| CARLOS LUNA, | ) |
| BRANDON SERES, | ) |
| TREVONTE NICHOLSON, | ) |
| ZACH HILL, | ) |
| JACOB ESPARZA, | ) |
| DELCHEVA HARRIS, | ) |
| and ANTONIO COZART, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )   Case No. 13-cv-1340-MJR |
| | ) |
| RICHARD WATSON | ) |
| and ST. CLAIR COUNTY JAIL | ) |
| (Specific Guards), | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court for case management. This *pro se* action was filed by lead Plaintiff Kevin Williams and 28 other detainees at the St. Clair County Jail ("the Jail"), to challenge the Defendants' strip-search practices. On May 2, 2014 (Doc. 18), nine of the Plaintiffs were dismissed from the action, and one Plaintiff's claim (Christopher Alexander) was

severed into a separate case at his request.[1] This left 19 Plaintiffs remaining in the action, as reflected in the caption above.

Of these remaining Plaintiffs, Delcheva Harris had complied with the Court's previous order to file a motion for leave to proceed in forma pauperis (IFP), and his motion has since been granted (Doc. 19). Lead Plaintiff Kevin Williams had filed his IFP motion when the action was filed, but did not submit the required prisoner trust fund statement. He was ordered to provide that information to the Court no later than May 16, 2014, or face dismissal of his claims (Doc. 18). Similarly, the other 17 Plaintiffs who had chosen to remain in the litigation (Davis, Jurcich, Van Bitter, Mosby, Golliday, Faucett, Samuels, Michael E. Baum, Cooper, Joseph Baum, Tucker, Luna, Seres, Nicholson, Hill, Esparza, and Cozart) were each ordered to submit a motion for leave to proceed IFP and a prisoner trust fund statement by May 16, 2014, or face dismissal from the action.

Only one of these Plaintiffs, Jeremy Mosby, complied with the Court's order; his motion for leave to proceed IFP has been granted (Doc. 22). The envelopes containing the Court's order at Doc. 18 were returned to the Clerk of Court as undeliverable for all the Plaintiffs except Williams, Mosby, Cooper, and Hill (Docs. 20, 23, 24).

## I.  Dismissal of Non-Compliant Plaintiffs

All the Plaintiffs were notified earlier in this litigation of their obligation to inform the Court of any change of address, and all non-lead Plaintiffs have had the opportunity to withdraw from the group action if they did not wish to incur a filing fee. Accordingly, those Plaintiffs who have failed to prosecute this action shall be dismissed at this time.

Lead Plaintiff Kevin Williams was ordered in January 2014 to provide his prisoner trust fund statement to the Court or have his claim dismissed (Doc. 4). In the most

---

[1] That case is proceeding as *Alexander v. Watson, et al.,* Case No. 14-cv-507-NJR-DGW.

recent order, he was directed to submit the statement or otherwise show cause why he should not be dismissed from the action (Doc. 18). Williams has failed to provide the document and has not responded to the show cause order. Accordingly, Plaintiff **KEVIN WILLIAMS** is **DISMISSED** from this action without prejudice, for failure to comply with orders of this Court. *See* FED. R. CIV. P. 41(b). Further, his motion for the appointment of counsel (Doc. 2) is **DENIED AS MOOT,** and his motion for leave to proceed IFP (Doc. 3) is **DENIED** for failure to provide the required prisoner trust fund statement.

Plaintiff Williams' obligation to pay the filing fee for this action was incurred at the time the action was filed, thus his filing fee of $400.00[2] remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A separate order shall issue directing the institutional trust fund officer to deduct payments from Williams' prisoner trust fund account in accordance with 28 U.S.C. § 1915(b).

Similarly, Plaintiffs Alan Davis, Joshua Jurcich, Christopher Van Bitter, Demetrius Golliday, Brent Faucett, Deontre Samuels, Michael E. Baum, Montrell Cooper, Joseph Baum, Eric Tucker, Carlos Luna, Brandon Seres, Trevonte Nicholson, Zach Hill, Jacob Esparza, and Antonio Cozart have all failed to respond to the Court's orders that they submit a motion for leave to proceed IFP, and early in the action, they were advised of their obligation to keep the Court informed of their address. They were warned of the consequences of failing to prosecute this case. Therefore, Plaintiffs **ALAN DAVIS, JOSHUA JURCICH, CHRISTOPHER VAN BITTER, DEMETRIUS GOLLIDAY, BRENT FAUCETT,**

---

[2] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

**DEONTRE SAMUELS, MICHAEL E. BAUM, MONTRELL COOPER, JOSEPH BAUM, ERIC TUCKER, CARLOS LUNA, BRANDON SERES, TREVONTE NICHOLSON, ZACH HILL, JACOB ESPARZA, and ANTONIO COZART** are **DISMISSED** from this action without prejudice, for failure to comply with orders of this Court.  *See* FED. R. CIV. P. 41(b).

Each of these dismissed Plaintiffs incurred the obligation to pay a separate filing fee for this action when they declined the opportunity to voluntarily withdraw from the case (Docs. 4, 18).  Thus, each owes a filing fee of $400.00, as none of them applied for leave to proceed IFP in this matter.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  A separate order shall issue directing the institutional trust fund officer to deduct payments from each Plaintiff's prisoner trust fund account in accordance with 28 U.S.C. § 1915(b).

## II.  Remaining Plaintiffs Harris and Mosby

Co-Plaintiffs Delcheva Harris and Jeremy Mosby have both complied with the Court's orders, and both signed the original complaint (Doc. 1).  However, the last documents mailed to Plaintiff Harris were returned to the Clerk of Court as undeliverable (Docs. 20, 24).  If Harris does not submit an updated address to the Court, his claims shall also be subject to dismissal.  The Court shall now turn to the merits of the complaint, which is summarized below.

## III. The Complaint (Doc. 1)

The complaint was signed by both remaining Plaintiffs, as well as by most of the now-dismissed co-Plaintiffs.  In it, they allege that on multiple occasions, they and other fellow detainees were made to line up together in view of each other, remove their clothing, spread their buttocks, lift their genitals, and open their mouths for visual inspection (Doc. 1, p. 3).  The strip

searches were conducted in the view of "multiple officers" walking past the group of detainees. Plaintiffs allege there was no reasonable suspicion that any detainee possessed contraband, and none was found as a result of the searches.

Although the complaint asserts that a number of specific correctional officers conducted these strip searches, these individuals are not identified. Plaintiffs state that they are "moving to name all" officers who took part in the allegedly unconstitutional searches. Defendant Richard Watson (the St. Clair County Sheriff) is not said to have personally participated in the searches, but is named in his supervisory capacity (Doc. 1, p. 2).

Plaintiffs argue that the searches were unconstitutional because the officers lacked reasonable suspicion that the detainees were hiding contraband. Further, the Jail's practices violated 725 Illinois Compiled Statutes 5/103-1(d), (e), and (h).

The complaint seeks preliminary and permanent injunctive relief to stop the illegal searches, and compensatory and punitive damages (Doc. 1, p. 4).

### IV.  Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiffs' allegations as true, the Court finds that they have articulated a colorable federal cause of action against the unnamed (John Doe) Defendant St. Clair County Jail Guards for subjecting them to unconstitutional strip searches in violation of their rights under the Fourth and Fourteenth Amendments **(Count 1)**. Further, at this stage Plaintiffs may proceed with a claim **(Count 2)** against Defendant Watson in his official capacity, for promulgating the official strip-search policy and practice at the Jail which led to the alleged constitutional

violations.

Courts have recognized that arbitrary or blanket strip searches of pretrial detainees may violate the Constitution. *See Bell v. Wolfish,* 441 U.S. 520, 558-60 (1979) (search of pretrial detainees after contact visits with outsiders was reasonable); *Calvin v. Sheriff of Will Cnty.*, 405 F. Supp. 2d 933, 938-940 (N.D. Ill. 2005) (noting that "*Bell* did not validate a blanket policy of strip searching pretrial detainees"). *Bell* instructs that in balancing the detainees' constitutional rights with the security concerns of the institution, courts must consider the scope of the intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. *Bell*, 441 U.S. at 559.

Although civil rights claims brought by detainees arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n. 2 (7th Cir. 1999)).

Strip searches of prisoners that are not related to legitimate security needs, or are conducted in a harassing manner in order to humiliate and inflict psychological pain, may be found unconstitutional under the Eighth Amendment. *Mays v. Springborn*, 719 F.3d 631, 634, (7th Cir. 2013) (group of inmates were strip searched together, gratuitously exposing prisoners' nude bodies to each other, while guards uttered demeaning comments); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (a strip search conducted in a harassing manner intended to humiliate and inflict psychological pain could violate the Eighth Amendment); *see also Meriwether v. Faulkner*, 821 F.2d 408 (7th Cir. 1987) (allegation of calculated harassment by

strip searches stated Eighth Amendment claim), *cert. denied*, 484 U.S. 935 (1987).

Plaintiffs allege that there was no legitimate security reason for the strip searches. Further, the public manner in which the group searches were conducted, as well as the repeated searches, may have been intended to humiliate him.  At this stage, Plaintiffs have stated constitutional claims for the strip searches that are not subject to dismissal under § 1915A.

*Violation of Illinois Statute*

Plaintiffs also claim the strip searches violated the Illinois statute which sets forth an individual's rights upon arrest.  725 ILL. COMP. STAT. 5/103-1(c) - (f).  It prohibits the strip search of a person arrested for "a traffic, regulatory or misdemeanor offense, except in cases involving weapons or a controlled substance, . . . unless there is reasonable belief that the individual is concealing a weapon or controlled substance." 725 ILL. COMP. STAT. 5/103-1(c).  The statute further provides that if an arrested person is strip searched, the search must be performed where it cannot be observed by others.  725 ILL. COMP. STAT. 5/103-1(e).  A violation of the statute may be criminally prosecuted as official misconduct.  725 ILL. COMP. STAT. 5/103-1(h).  However, none of the provisions in subsections (c) through (h) apply if the person is in custody pursuant to a court order.  725 ILL. COMP. STAT. 5/103-1(j).  Thus, a person arrested as a result of an outstanding warrant does not come under the statute's protection.  *People v. Mitchell*, 819 N.E.2d 1252, 1255 (Ill. App. 2004).

Whether or not this statute is applicable to either Plaintiff, a violation of this state law does not give rise to a constitutional claim upon which relief may be granted.  As a general proposition, "[t]he federal government is not the enforcer of state law." *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001); *see also Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc), *cert. denied,* 489 U.S. 1065 (1989).  Further, the

Seventh Circuit has specifically held that Illinois' enactment of this strip-search statute did not create a federally protected liberty interest. *Kraushaar v. Flanigan*, 45 F.3d 1040, 1047 (7th Cir. 1995). Therefore, even a purported violation of the statute cannot be pursued as a federal claim. *Id*. at 1047-49.

The complaint does not assert a distinct state law claim arising from the strip searches, focusing instead on the alleged violation of Plaintiffs' federal constitutional rights. As such, the case shall proceed only on Counts 1 and 2 as described above.

### V. Disposition

The Clerk is **DIRECTED** to mail a copy of this order to each of the 17 dismissed Plaintiffs listed in the caption, as well as to remaining Plaintiffs Mosby and Harris.

This action shall now be captioned: *__Jeremy Mosby and Delcheva Harris, Plaintiffs, vs. Richard Watson and St. Clair County Jail (Specific Guards), Defendants__*.

Plaintiffs are reminded that any motion or pleading submitted in this joint action on behalf of both Plaintiffs must be signed by both of them; a *pro se* litigant may not sign documents on behalf of another party. *See* FED. R. CIV. P. 11(a). If Plaintiffs are unable to communicate effectively with one another in order to jointly prosecute this action, the Court will entertain a motion to sever their claims into separate cases.

**IT IS HEREBY ORDERED** that the Clerk of Court shall prepare for Defendant **WATSON** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff. If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall

take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendant Guards until such time as Plaintiffs have identified them by name in a properly filed amended complaint. Plaintiffs are **ADVISED** that it is their responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that, if the Defendant cannot be found at the work address provided by Plaintiffs, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiffs shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiffs shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States**

**Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiffs, and the judgment includes the payment of costs under § 1915, Plaintiffs will be required to pay the full amount of the costs, notwithstanding that their applications to proceed *in forma pauperis* have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiffs are **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, each applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff(s) and remit the balance to Plaintiff(s). Local Rule 3.1(c)(1).

Finally, each Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 7, 2014**

s/ MICHAEL J. REAGAN  
United States District Judge